UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
COLONIAL FUNDING NETWORK, INC. as servicing
provider for TVT CAPITAL, LLC,

                                                Case No. 16-cv-05948 (LLS)

                Plaintiff,

    - against -

EPAZZ, INC.
CYNERGY CORPORATION and
SHAUN PASSLEY (A/K/A SHAUN A. PASSLEY),

                Defendants.
------------------------------------------------------------------------x
EPAZZ, INC. and SHAUN PASSLEY,

                Counterclaim Plaintiffs,

    - against -

TVT CAPITAL LLC, VANTIFF, LLC,
COLONIAL FUNDING NETWORK, INC.,
ANDREW FELLUS, WARREN FELLUS,
JOHN DOES 1-10, and JANE DOES 1-10,

                Counterclaim Defendants.
------------------------------------------------------------------------x

## DECLARATION OF JONATHAN M. PROMAN
## IN RESPONSE TO ORDER TO SHOW CAUSE

Jonathan M. Proman, pursuant to 28 U.S.C. § 1746, declares:

1.    I am counsel to the defendants/counterclaim plaintiffs in this action, and respectfully submit this declaration in connection with this Court's Order to Show Cause, dated April 14, 2017 [docket no. 75]. That Order addressed citation to *Tower Funding, Ltd. v. David Berry Realty, Inc.*, 302 A.D.2d 513, 755 N.Y.S.2d 413 (2d Dep't 2003) in the defendants/counterclaim plaintiffs' dismissal-motion opposition memorandum [docket no. 55], dated October 31, 2016 (the "Memorandum").

1

2. The Memorandum did not intend to assert that under *Tower Funding* usury is an affirmative claim, or to misstate *Tower Funding*'s holding in any way. The at-issue parenthetical was written approximately one year ago, in or about March 2016, in an action where usury being a claim or a defense was *not* at that time an issue or then contemplated.

3. In the Memorandum *Tower Funding* appears at the first page of the argument section; and was intended to be cited only for the general position that a corporation may invoke criminal usury. Whether usury may be invoked as a claim or defense was intended to be addressed exclusively in the Memorandum's separate, discrete section (pp. 13-14), titled "Overcharge of Interest and Usury are Affirmative Claims". That section did not cite *Tower Funding*. How criminal usury may be invoked (as a claim or defense-only) was not counsel's purpose for citing *Tower Funding* and not subjectively in counsel's mind as a topic *Tower Funding* speaks to.

4. The *Tower Funding* parenthetical was authored in or about March 2016—*before* this action was commenced, and *before* a claim or defense-only issue was asserted in any Epazz-related litigation. In the parallel Westchester County State Supreme Court action involving judgments by confession against Epazz and others related to merchant agreements, on April 13, 2016, the undersigned filed, simultaneous with a complaint to vacate the judgments by confession, a motion by order to show cause to enjoin enforcement of those judgments. The memorandum in support of *that* motion is where the exact *Tower Funding* parenthetical used in this action was authored. That was *before* anyone asserted a claim versus defense-only issue in that action, and *before* the undersigned contemplated such issue. The undersigned's intent in citing *Tower*

*Funding* in this action's Memorandum was, again, to assert only the general position that a corporation may invoke criminal usury, not whether criminal usury is a claim or defense.[1]

5. After a merchant financier asserted in the Westchester County action that usury is a defense only, in a May 13, 2016 preliminary injunction reply memorandum, the undersigned again used *Tower Funding*, in a footnote, following the assertion, in that reply's words, that usury protects a corporation "*without* having to assert an affirmative claim." (Emphasis added.) The possibility that the *Tower Funding* parenthetical was deliberately written as an attempt to assert that *Tower Funding* created an affirmative claim is disproved by the fact that the undersigned used that parenthetical following a sentence making the opposite assertion—that criminal usury protects corporations *without* having to assert an affirmative claim. It was not the parenthetical's intent when written or used in this action, or even contemplated in the undersigned's mind when written or used in this action, that *Tower Funding* speak to a claim versus defense-only issue.[2]

6. The undersigned believes that *Tower Funding* is neutral to the claim versus defense-only issue, because it appears the Appellate Division was not presented with a usury claim there. It appears that the *Tower Funding* borrower and guarantors presented to the Appellate Division only a usury defense. Claim versus defense-only was intended to be addressed only in the Memorandum's "Overcharge of Interest and Usury are Affirmative Claims" section.

7. The Memorandum's "Overcharge of Interest and Usury are Affirmative Claims" section, as noted above, did not cite *Tower Funding*, but cited as support for the position that usury

---

[1] The April 13, 2016 memorandum may be viewed on the New York State Unified Court System's e-filing site, www.nycourts.gov/efile, Westchester County Supreme Court Index No. 54755/2016 (*K9 Bytes, Inc., et al. v. Arch Capital Funding, LLC, et al.*)—the memorandum is docket no. 3; the *Tower Funding* cite is on p. 9. Counsel could provide a copy at this Court's request.

[2] The May 13, 2016 reply memorandum is Westchester County docket no. 36; the *Tower Funding* cite is on p. 15 n.13. Text precedes the *Tower Funding* citation in the footnote, rather than the *Tower Funding* cite immediately following the "without having to assert an affirmative claim" assertion. The footnote's intermediate text answered a financier's possible intimation that usury proscriptions apply only to personal loans.

3

is a claim: CPLR § 215 (applying a one-year limitations period to an "action to recover any overcharge of interest or to enforce a penalty for such overcharge"); *Garcia v. Valdes (In re Garcia)*, 167 B.R. 341, 346–47 (Bankr. E.D.N.Y. 1994) (usury claim was properly commenced within CPLR 215(6)'s one-year limitations period); *Englishtown Sportswear, Ltd. v. Marine Midland Bank*, 97 A.D.2d 498, 498, 467 N.Y.S.2d 693, 693 (2d Dep't 1983) ("[T]he one year Statute of Limitations governing actions to recover on 'overcharge of interest' was intended to apply … to usury actions.") (citations omitted); and *Rebeil Consulting Corp. v. Levine*, 208 A.D.2d 819, 820, 617 N.Y.S.2d 830, 831 (2d Dep't 1994) ("Although [an] action to recover any overcharge of interest … is subject to a one-year Statute of Limitations, affirmative defenses, such as usury … are not subject to the Statute of Limitations.") (citations and internal quotations omitted).

8. The claim versus defense distinction was not what *Tower Funding* was cited for, and not subjectively in counsel's mind when the parenthetical was written. It was *not* the undersigned's intent while reusing the *Tower Funding* cite in this action to speak to the claim versus defense-only issue.

9. In the future counsel will vividly remember this situation to be sure to avoid a similar one; such as, rather than using alterations, stating an exact quote, or being doubly sure that case cites with alterations may not be construed as applying to positions asserted elsewhere in a memorandum.

10. The undersigned made a deliberate effort in the Memorandum to point to the Court not only case law supporting the defendants/counterclaim plaintiffs' position, but through use of the "*but see*" citation signal bringing to the Court's attention conflicting authority running contrary to how the defendants/counterclaim plaintiffs believe this Court should rule. Memorandum p. 11

(addressing through a *but see* citation signal whether criminal usury may relieve the borrower of repayment entirely, or whether interest is merely reformed to a non-usurious rate).  The above, counsel believes, substantiates that openness, not misquotations, was the undersigned's intent when authoring the Memorandum.  Any misinformation was *not* intended, and not recognized by the undersigned prior to receipt of the Order to Show Cause.[3]

11.     For the foregoing reasons, the undersigned respectfully requests that no sanction should be imposed for want of an intentional or knowing misstatement of law or any attempt to do that.  Counsel takes lawyering, and this specific situation, very seriously and, again, will remember it vividly, and regrets confusion caused.

12.     Should the Court have any questions or require additional information, or wish to address this matter further in any way, please do not hesitate to contact me.

13.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 16, 2017

                                              */s/ Jonathan M. Proman*
                                              **Jonathan M. Proman**

---

[3] The undersigned used a *but see* citation signal for the same purpose in the Westchester County action after locating inconsistent authority—all at counsel's initiative.  *See* Westchester County e-docket no. 160 p. 12 (using *but see* citation signal to alert the Court to case law raising whether criminal usury may merely result in an interest rate being reformed to a non-usurious rate).